■ DERRICK BROWN, Appellant, v STATE OF NEW YORK, Respondent. [626 NYS2d 575] —Appeal from an order of the Court of Claims (Bell, J.), entered April 19, 1994, which, *inter alia*, granted the State's cross motion to dismiss the claim.

Claimant, an inmate at a State correctional facility, commenced this action for damages arising from his placement on limited privilege status without first being afforded a hearing. Claimant was placed on this status after refusing a choice of three work assignments. Inasmuch as the prison rules specifically provide that a hearing is not a prerequisite to placing an inmate on limited privilege status under these circumstances, the Court of Claims properly dismissed the claim.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE T. MCNAIR, Appellant. [626 NYS2d 330] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 30, 1994, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the fourth degree and, as part of the plea agreement, waived his right to appeal the judgment of conviction. He now asserts that the waiver was not knowing and voluntary. In view of defendant's failure to move to withdraw his plea or vacate the judgment of conviction, we find that he has failed to preserve this issue for review. In any event, our review of the record discloses that the plea was knowing and voluntary. Lastly, in view of defendant's prior criminal record and the fact that the sentence imposed of 5 to 15 years in prison was in accordance with the plea agreement and within statutory parameters, we reject defendant's claim that the sentence was harsh and excessive.

Cardona, P. J., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.